IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL RAY REEVES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 19-cv-102-SMY |
| JACQUELINE LASHBROOK, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Michael Ray Reeves, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his 2007 conviction in Massac County, Illinois (Doc. 1). This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## Background

This is Petitioner's fourth § 2254 Petition filed in this district challenging his Massac County conviction. His first Petition, filed in 2010, was dismissed without prejudice because Petitioner had not exhausted his state remedies (Case No. 10-cv-869-DRH, Doc. 26). Petitioner filed his second § 2254 Petition in this district in 2012. That Petition asserted twelve grounds for

1

relief, and Petitioner admitted in the Petition that he was still pursuing state remedies as to at least eleven of the asserted grounds (Case No. 12-cv-630-DRH, Doc. 1). On preliminary review, the Court dismissed all but one of the grounds without prejudice because Petitioner had once again failed to exhaust state remedies. The Petition proceeded on the sole ground of denial of Petitioner's right to a speedy trial and was denied on the merits on January 6, 2014 (Case No. 12-cv-630-DRH, Docs. 4 and 20). Petitioner appealed, and the Seventh Circuit denied a certificate of appealability in May 2014 (Case No. 12-cv-630-DRH, Doc. 38).

Petitioner filed his third § 2254 Petition in this district in 2016, which raised five separate grounds for relief, including claims of ineffective assistance of counsel and the denial of a fair trial (Case No. 16-cv-1290-DRH, Doc. 7). The Court ultimately dismissed this Petition on the basis that it lacked jurisdiction (Case No. 16-cv-1290-DRH, Doc. 18). Specifically, noting the previously dismissed Petition and the Petition then before the Court challenged the same Massac County judgment, the Court found that it lacked jurisdiction to hear Petitioner's successive Petition because he had not first sought leave to file from the Seventh Circuit Court of Appeals (*Id*. at p. 5).

Petitioner's current Petition (Doc. 1), titled "Petition for Leave to File Successive Petition under 28 U.S.C. § 2254," challenges the same Massac County judgment as his previous Petitions. The Court again finds that it is without jurisdiction to entertain a successive Petition filed without the authorization of the Seventh Circuit. *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006); 28 U.S.C. § 2244(b).

## Discussion

A person convicted in state court is generally limited to filing one petition for writ of habeas corpus in federal court. 28 U.S.C. §2244(a). "A claim presented in a second or successive habeas

corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(1). However, a second or successive petition may be filed asserting certain claims that have not been previously presented:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§2244(b)(2).

Even if Petitioner's claims fall into one of the above-mentioned exceptions, he cannot bring a successive § 2254 Petition until he obtains permission from the Seventh Circuit Court of Appeals: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent prior authorization, the district court lacks jurisdiction to entertain a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 156-57, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

This is Petitioner's second successive Petition challenging his Massac County Judgment. But as previously noted, this Court does not have jurisdiction to consider the Petition unless Petitioner obtains leave to file from the Seventh Circuit Court of Appeals. *Burton*, 549 U.S. at 157. A review of the Public Access to Court Electronic Records ("PACER") website

3

(www.pacer.gov), demonstrates that Petitioner has not sought application for authorization to file his Petition from the Seventh Circuit. Thus, this Court is without jurisdiction to consider the current Petition and it will be **DISMISSED without prejudice**.

## Disposition

**IT IS HEREBY ORDERED** that the § 2254 petition is **DISMISSED without prejudice**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Both components must be established for a certificate of appealability to issue.

In this case, it is clear that this Court lacks jurisdiction to entertain the successive § 2254 petition. It is second or successive and was filed without prior authorization from the Court of Appeals. No reasonable jurist would find the issue debatable. Accordingly, the Court **DENIES** a certificate of appealability.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 4/24/2019**                                      */s/ Staci M. Yandle*
                                                          **United States District Judge**